JIQING JIN, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 05–4251–ag.

United States Court of Appeals,
Second Circuit.

June 11, 2007.

Thomas V. Massucci, New York, N.Y., for Petitioner.

Hilary W. Frooman, Assistant United States Attorney, for Rodger A. Heaton,

United States Attorney for the Central District of Illinois, Fairview Heights, IL, for Respondents.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Jiqing Jin, a native and citizen of Shanghai, China, seeks review of a July 11, 2005 order of the BIA affirming the February 3, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Jin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiqing Jin,* No. A 96 056 643 (B.I.A. July 11, 2005), *aff'g* No. A 96 056 643 (Immig. Ct. N.Y. City February 3, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed, unless it can be confidently predicted that the IJ would adhere to the decision were the case remanded. *See Cao He Lin v. U.S. Dep't of Justice,*

428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dept. of Justice,* 471 F.3d 315, 339 (2d Cir.2006).

Substantial evidence supports the IJ's adverse credibility determination in this case. The IJ accurately identified numerous factual inconsistencies in Jin's testimony. For example, Jin testified that after his alleged detention for practicing Zhong Gong he was confined to his home and "couldn't go anywhere except to the police and go to home." [JA 33, 92, 107]. Elsewhere, however, he claimed to have learned of his discharge from employment when he returned to work. The IJ reasonably declined to credit Jin's explanation for this apparent discrepancy, *i.e.,* that he "had to go back to [his] work unit," particularly given Jin's statement that he did not seek medical treatment after his detention because he was confined to his home. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). Likewise, the IJ reasonably found contradictory Jin's testimony that he feared returning to China because there was a wanted list on the internet with his name on it. Although Jin testified that a fellow practitioner had informed him of this list, he stated that he did not know whether the list could, in fact, be located on the internet. He had never seen the list himself, and he was not sure that the list existed. Additionally, the IJ appropriately relied on the lack of corroboration regarding this wanted list, such as a copy of the internet posting or verification from the fellow Zhong Gong practitioner who had purportedly seen the list. *See Zhou Yun Zhang,* 386 F.3d at 78 (presenting a situation in which an applicant's failure to corroborate his testimony bore on his credibility, because the absence of particu-

lar corroborating evidence rendered him unable to rehabilitate testimony that had already been called into question).

The IJ further specifically found that Jin's demeanor undermined his credibility. The record demonstrates the reasonableness of this finding. In responding to a number of the Government's questions on cross-examination, Jin either failed to reply to the questions directly, or provided varying answers. In such circumstances, we accord "particular deference" to the IJ's credibility finding. *See Karaj v. Gonzales,* 462 F.3d 113, 116 (2d Cir.2006) (observing that "the IJ's opportunity to judge demeanor causes us to grant particular deference to credibility findings based on demeanor") (internal quotation marks omitted); *Zhou Yun Zhang,* 386 F.3d at 73.

We need not determine whether the IJ's decision was entirely free of error. Even if it was not, no remand would be warranted because, in light of these supported adverse credibility findings, we can "confidently predict" that the same conclusion would have been reached on Jin's application for relief from removal. *See Xiao Ji Chen,* 471 F.3d at 338–41. Indeed, because the only evidence of a threat to Liang's life or freedom, or the likelihood that he would be tortured depended upon his credibility, the adverse credibility determination necessarily supports the denial of withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).